IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**SHANE STEPHEN HOLBROOK,**

    **Plaintiff,**

v.                                                 **Case No.: 3:16-cv-03705**

**WEST VIRGINIA REGIONAL JAIL &
CORRECTIONAL FACILITY AUTHORITY;[1]
and TRINITY SERVICES GROUP, INC.[2]**

    **Defendants.**

**PROPOSED FINDS OF FACT AND RECOMMENDATIONS**

On April 18, 2016, Plaintiff Shane Stephen Holbrook ("Holbrook"), proceeding *pro se*, and then-incarcerated at Western Regional Jail in Barboursville, West Virginia, filed a complaint against Defendants Trinity Services Group, Inc. ("Trinity") and West Virginia Regional Jail & Correctional Facility Authority ("the Jail Authority") claiming injury to his back right bottom molar as a result of biting down on a rock contained in food served to him at the jail. (ECF No. 2.) Pending before the Court are Trinity's Motion to Dismiss (ECF No. 11) and the Jail Authority's Motion to Dismiss. (ECF No. 25.) The motions were briefed, and the undersigned conducted a status conference on November 28, 2016. (ECF No. 28.)

This matter is assigned to the Honorable Robert C. Chambers, United States

---

[1] Identified in Holbrook's complaint as West Virginia Regional Jail Authority or WVRJA. (ECF No. 2.)

[2] Identified in Holbrook's complaint as Trinity Food Service. (ECF No. 2.) Trinity noted in its Motion to Dismiss that it is properly identified as Trinity Services Group, Inc. (ECF No. 11.)

District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly reviewed Holbrook's allegations and Defendants' motions, the undersigned **FINDS** that the complaint fails to state a constitutional claim upon which relief may be granted, the Court lacks subject matter jurisdiction to hear a negligence claim in this case, and the Jail Authority is entitled to Eleventh Amendment immunity. Therefore, the undersigned **RECOMMENDS** that the presiding District Judge **GRANT** Trinity's Motion to Dismiss (ECF No. 11); **DISMISS** the complaint against Trinity, **without prejudice; GRANT** the Jail Authority's Motion to Dismiss (ECF No. 25); **DISMISS** the complaint against the Jail Authority, **with prejudice;** and **REMOVE** this matter from the docket of the Court.

I. <u>**Relevant Facts and Procedural History**</u>

Holbrook alleges in his complaint that on March 5, 2016, while incarcerated at the Western Regional Jail in Barboursville, West Virginia, his back right bottom molar was cracked when he bit down on a rock contained in his food. (ECF No. 2.) Holbrook filed a grievance regarding the incident and subsequently had his tooth extracted. (*Id.*) Holbrook alleges that his injury was caused by Defendants' negligence in hiring, training, retaining, supervising, and maintaining employees who could provide a safe food service; failing to check and clean the food for foreign objects such as the rock; and failing to warn Holbrook of the hazard in his food. (*Id.*) Holbrook seeks monetary damages of $750,000 for pain and suffering, future medical fees, and punitive damages. (*Id.*) He has since transferred to South Central Regional Jail in Charleston. (ECF No. 17.)

At the status conference held on November 28, 2016, Holbrook confirmed that his tooth was damaged by a rock contained in beans he was served at the jail. Holbrook

identified three inmates, who allegedly witnessed the incident, as well as the correctional officer to whom he gave the rock thereafter. Holbrook reported that his tooth was cracked in half and, although he did not want to have his tooth pulled, the dentist determined that extraction was the proper course of action. Holbrook reported suffering from dry socket after the extraction, which required additional care. He indicated that the symptoms and aftercare related to his damaged tooth lasted for about a week, but he has had no additional problems since then. Holbrook did not pay for any of his dental care.

When questioned about the facts supporting his complaint, Holbrook stated that he had heard "rumors" of similar incidents occurring at the jail. In particular, he heard that at least two other inmates had encountered foreign objects in their food, although he could not recall the names of those inmates. Holbrook admitted that he did not know of any specific individual who intentionally caused the rock to be present in his beans, nor could he supply evidence of negligence aside from the presence of the rock itself and the rumors of other similar, but unspecified, incidents.

On June 20, 2016, Trinity filed a motion and supporting memorandum moving to dismiss Holbrook's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 11; ECF No. 12.) Trinity's motion is silent as to whether it requests a dismissal with or without prejudice, but in its supporting memorandum, Trinity clarifies that it seeks a dismissal with prejudice. (*Id.*) Trinity notes that Holbrook's complaint could be construed as raising either a claim under the Eighth Amendment to the United States Constitution, or a state law negligence claim.[3] (ECF No. 12.) Trinity

---

[3] As Holbrook noted at the November 28, 2016 status conference, he is currently incarcerated while awaiting trial. Pretrial detainees' claims are generally analyzed under the Due Process Clause of the Fourteenth Amendment while convicted prisoners' claims are generally analyzed under the Eighth Amendment. *See* discussion *infra* Section III.A.

3

argues that, to the extent Holbrook raises a constitutional claim, the Court should dismiss the claim pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. According to Trinity, the isolated incident of food contamination alleged by Holbrook does not rise to the level of a constitutional violation. (*Id.*) Moreover, to the extent that Holbrook raises a state law negligence claim, Trinity argues the Court should dismiss the claim pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, because Holbrook's allegations do not raise a federal question and there is not complete diversity between the parties. (*Id.*) On November 8, 2016, Holbrook filed a short response to Trinity's Motion to Dismiss, asserting that the Court does not lack subject matter jurisdiction and confirming that the alleged events occurred in Barboursville, West Virginia. (ECF No. 23.)

On November 11, 2016 the Jail Authority filed a Motion to Dismiss Holbrook's complaint, with prejudice, pursuant to Rule 12(b)(6) for failure to state a claim and for immunity from liability. (ECF No. 25.) The Jail Authority also filed a supporting memorandum arguing that, to the extent Holbrook asserts his claims pursuant to 42 U.S.C. § 1983, the Jail Authority is not a "person" for the purposes that statute. (ECF No. 26.) The Jail Authority further argues that, to the extent Holbrook raises a negligence claim, it is entitled to "qualified immunity." (*Id.*) Although the Jail Authority's papers did not explicitly invoke sovereign immunity pursuant to the Eleventh Amendment of the United States Constitution, at the November 28, 2016 status conference counsel for the Jail Authority clarified that it was invoking sovereign immunity. The Jail Authority's supporting memorandum also argues that this Court lacks subject matter jurisdiction and must dismiss the case pursuant to Rule 12(b)(1). (ECF No. 26.) Holbrook did not file a response to the Jail Authority's motion as of the December 2, 2016 deadline for doing so.

4

## II. Standard of Review

Holbrook has filed his complaint *pro se*, and courts are required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). A court is not required to rewrite pleadings to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

A motion under Rule 12(b)(6) tests the sufficiency of the complaint to state a claim. A complaint fails to state a claim when, accepting the plaintiff's well-pled allegations as true and drawing all reasonable inferences, the complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 127 (2007). Plausibility requires allegations that "raise a right to relief above the speculative level." *Id.* at 555. Consequently, the complaint must include "facts sufficient to state all the elements of [the plaintiff's] claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003).

A motion under Rule 12(b)(1) challenges a court's subject matter jurisdiction over the dispute. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A Rule 12(b)(1) motion can be presented in two ways. First, the movant may claim that the jurisdictional allegations of the complaint are not true. *Id.* Then, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond,*

5

*Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams*, 697 F.2d at 1219). Second, the movant may contend, as Trinity and the Jail Authority have done here, that "a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams*, 697 F.2d at 1219. When presented with this contention, a court assumes that the allegations in the complaint are true and affords the plaintiff the same procedural protection he would receive under Rule 12(b)(6). *Id.* The burden of proving that a court has subject matter jurisdiction rests with the plaintiff as he is the party asserting it. *Johnson v. N. Carolina*, 905 F. Supp. 2d 712, 719 (W.D.N.C. 2012). However, a court should grant dismissal "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

"The Fourth Circuit has not resolved whether a motion to dismiss based on the Eleventh Amendment is properly considered pursuant to Rule 12(b)(1) or 12(b)(6)." *Haley v. Va. Dep't of Health*, Case No. 4:12-cv-0016, 2012 WL 5494306, at *2 n.2 (W.D. Va. Nov. 13, 2012) (citing *Andrews v. Daw*, 201 F.3d 521, 525, n.2 (4th Cir. 2000)). "The recent trend, however, appears to treat Eleventh Amendment immunity motions under Rule 12(b)(1)." *Id.; see also Zemedagegehu v. Arthur*, No. 1:15cv57 (JCC/MSN), 2015 WL 1930539, at *3 (E.D. Va. Apr. 28, 2015); *Johnson v. North Carolina*, 905 F. Supp. 2d 712, 719 (W.D.N.C. 2012) (collecting cases). In this case, whether Eleventh Amendment immunity should be evaluated under Rule 12(b)(1) or 12(b)(6) is a distinction without a difference given that the undersigned has relied solely on the pleadings in resolving the issue, having construed them in the light most favorable to Holbrook. *Beckham v. Nat'l. R.R. Passenger Corp.*, 569 F. Supp. 2d 542, 547 (D. Md. 2008).

### III.  Discussion

As Trinity noted, Holbrook's complaint could be construed to raise either a

6

constitutional claim pursuant to 42 U.S.C. § 1983, or a state law negligence claim.

### A. Constitutional Claim

Section 1983 provides a remedy to parties who are deprived of federally protected civil rights by persons acting under color of any state "statute, ordinance, regulation, custom, or usage ...." 42 U.S.C. § 1983. To state a cause of action under § 1983, a plaintiff must allege facts showing that: (1) a person deprived the plaintiff of a federally protected civil right, privilege, or immunity and (2) that the person did so under color of State law. 42 U.S.C. § 1983; *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Perrin v. Nicholson*, C/A No. 9:10-1111-HFF-BM, 2010 WL 3893792 (D.S.C. Sept. 8, 2010). If either of these elements is missing, the complaint fails to state a claim for relief under § 1983. In this case, to satisfy the first requirement of § 1983, Holbrook would have to show that Defendants violated his federal constitutional rights.

As noted above, Holbrook is currently incarcerated while awaiting trial. Pretrial detainees' claims are generally analyzed under the Due Process Clause of the Fourteenth Amendment while convicted prisoners' claims are generally analyzed under the Eighth Amendment (as applied to the to the States through the Fourteenth Amendment). *See Young v. City of Mount Ranier*, 238 F.3d 567, 575 (4th Cir. 2001) (citing *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 243–44, (1983); *Hill v. Nicodemus*, 979 F.2d 987, 991–92 (4th Cir. 1992)) ("Pretrial detainees are entitled to at least the same protection under the Fourteenth Amendment as are convicted prisoners under the Eighth Amendment."); s*ee also Bell v. Wolfish*, 441 U.S. 520, 535, n.16, 99 (1979). Deliberately indifferent conduct is sufficient to violate the Due Process clause of the Fourteenth Amendment. *Young v. City of Mount Ranier*, 238 F.3d 567, 575 (4th Cir. 2001) (citing *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 850 (1998)); *Gordon v. Kidd*, 971 F.2d 1087,

1094 (4th Cir. 1992), *as amended* (July 7, 1992). Thus, Holbrook's rights are protected to at least the extent demanded by the Eighth Amendment.

The Eighth Amendment requires "humane conditions of confinement" including "*adequate food*, clothing shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832–33, (1994) (emphasis added) (citing *Hudson v. Palmer*, 468 U.S. 517, 526–27, (1984); *Helling v. McKinney*, 509 U.S. 25, 31–32; *Washington v. Harper*, 494 U.S. 210, 225 (1990); *Estelle v. Gamble*, 429 U.S. 97, 103; *DeShaney v. Winnebago Cty Dep't of Soc. Servs.*, 489 U.S. 189, 198–199, (1989)). "To incarcerate, society takes from prisoners the means to provide for their own needs. Prisoners are dependent on the State for food, clothing, and necessary medical care. … If government fails to fulfill this obligation, the courts have a responsibility to remedy the resulting Eighth Amendment violation." *Brown v. Plata*, 563 U.S. 493, 510–11 (2011). In addition to nutritional adequacy, food must be "prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *Shrader v. White*, 761 F.2d 975, 986 (4th Cir. 1985) (quoting *Ramos v. Lamm*, 639 F.2d 559, 571 (10th Cir.1980)) (citing *Bolding v. Holshouser*, 575 F.2d 461 (4th Cir. 1978)); *see also King v. Lewis*, 358 F. App'x. 459, 460 (4th Cir. Dec. 31, 2009) (unpublished) (citing *Wilson v. Seiter*, 501 U.S. 294, (1991)).

However, the Constitution is not implicated in every isolated instance of food containing a foreign object. The Fourth Circuit has held:

> A single incident of finding a foreign object in food does not constitute a violation of the constitutional rights of the prisoner affected; however, evidence of frequent or regular injurious incidents of foreign objects in food raises what otherwise might be merely isolated negligent behavior to the level of a constitutional violation.

*Brown v. Brock*, 632 F. App'x 744, 747 (4th Cir. 2015) (unpublished) (citing *Green v.*

8

*Atkinson*, 623 F.3d 278, 280–81 (5th Cir. 2010) (analyzing Eighth Amendment with regard to state prisoner who broke tooth while biting down on foreign object in food)). Thus, in order for Holbrook to state a plausible constitutional claim he must show both (1) "a deprivation suffered or injury inflicted" that was "sufficiently serious," when measured by an objective standard (objective component), and (2) that the responsible prison officials had a "sufficiently culpable state of mind" (subjective component). *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (*quoting Wilson v. Seiter*, 501 U.S. 294, 298–300 (1991))*.*

The objective component of an Eighth Amendment claim is satisfied by a showing that the challenged condition caused or constituted an extreme deprivation of a basic human need. *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003). "[T]o demonstrate such an extreme deprivation, a prisoner must allege a serious or significant physical or emotional injury resulting from the challenged conditions or demonstrate a substantial risk of such serious harm resulting from the prisoner's exposure to the challenged conditions." *Odom v. S.C. Dep't of Corr.*, 349 F.3d 765, 770 (4th Cir. 2003) (*quoting De'Lonta*, 330 F.3d at 634); *see also Stickler*, 989 F.2d at 1380 ("[F]or prison conditions to rise to the level of unconstitutional punishment, there must be evidence of a serious medical and emotional deterioration attributable to the challenged condition."). "Compelling a showing of significant physical or emotional harm, or a grave risk of such harm, infuses an element of objectivity into the analysis, lest resolution of the seriousness of the deprivation devolve into an application of the subjective views of the judges deciding the question." *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (citing *Strickler*, 989 F.2d 1375, 1379–80 (4th Cir. 1993)).

To fulfill the subjective component, Holbrook must demonstrate a "deliberate

indifference" to his health or safety by Defendants. *Farmer*, 511 U.S. at 834 *quoting Wilson*, 501 U.S. at 297). The Supreme Court of the United States has explained:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. Deliberate indifference is more than mere negligence but less than malice. *Estelle v. Gamble*, 492 U.S. 97, 105–06 (1976). Put simply, if the Defendants here were aware of an excessive risk of harm to Plaintiff's health or safety and disregarded it, Defendants had a sufficiently culpable state of mind. *See Wilson*, 501 U.S. at 303; *Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 723 (4th Cir. 2010).

Assuming *arguendo* that the injury to Holbrook's tooth, which required that it be permanently removed, is a "sufficiently serious" injury to satisfy the objective component, Holbrook's allegations still do not satisfy the subjective component. Holbrook has made no allegations of any actions greater than simple negligence. *See Harrison v. Moketa/Motycka*, 485 F. Supp. 2d 652, 656 (D.S.C. 2007), *aff'd sub nom.*, *Harrison v. Moteka*, 235 F. App'x 127 (4th Cir. 2007) (Affirming Magistrate Judge's finding that "even if the challenged food service had caused Plaintiff a constitutionally cognizable harm, there was no evidence that demonstrated that [Defendants'] deliberate indifference was the cause of that harm."); *Lopez v. Robinson*, 914 F.2d 486, 490 (4th Cir. 1990) ("negligence or good faith error causing such harm will not establish a constitutional claim"); *and Islam v. Montross Inn*, 782 F. Supp. 1111, 1115–16 (E.D. Va.1992) (allegation of isolated incident of defective food service, but 12(b)(6) motion granted because no allegation of deliberate indifference). Holbrook's complaint makes no representation that Trinity or any individual was aware of the alleged rock contained in Holbrook's beans.

Likewise, at the November 28, 2016 status conference, Holbrook stated he was not aware of any specific individual who intentionally caused the rock to be placed in his food and he presented no evidence of negligence aside from the presence of the rock itself. The complaint does not point to any pattern of unsanitary food service, nor identify others who have experienced similar problems. At the November 28, 2016 status conference, Holbrook did state that he had heard "rumors" of at least two similar instances of food problems, but he was unable to provide specifics such as the names of inmates involved, the dates of the alleged incidents, and the nature of the contamination. Holbrook does not claim that Defendants had any reason to suspect that the beans being served posed a health risk to the inmates. The simple negligence alleged by Holbrook does not rise to the level of deliberate indifference to his health and safety. Therefore, the undersigned **FINDS** that Holbrook has not alleged facts sufficient to state a constitutional claim.

###   B.   Subject Matter Jurisdiction

Federal district courts have limited jurisdiction and can hear only those cases "authorized by the Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The United States Code confers subject matter jurisdiction on the federal district courts in two ways—where there is federal question jurisdiction and where there is diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. Accordingly, this Court must consider whether Holbrook's case satisfies either jurisdictional basis.

   1.   Federal Question Subject Matter Jurisdiction

Federal question jurisdiction exists where a plaintiff raises an issue "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As discussed above, Holbrook's complaint fails to state a constitutional claim, which would invoke federal question jurisdiction. To the extent that Holbrook alleges a state tort claim, the

District Court does not have federal question jurisdiction. Therefore, the undersigned **FINDS** that the Court lacks federal question subject matter jurisdiction.

2. Diversity Subject Matter Jurisdiction

The Court may still have subject matter jurisdiction over state law claims that satisfy the requirements for diversity jurisdiction. The Code states in relevant part that "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States . . . ." 28 U.S.C. § 1332. Diversity of citizenship must be complete, "meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). In a recent case involving a prisoner suffering injury after biting down on metallic objects found in his food, the Southern District of West Virginia found that it lacked subject matter jurisdiction over the claim because the plaintiff alleged negligence against at least one non-diverse defendant. *See Cockerham v. Allen*, No. 2:13-09589, 2014 WL 1159340, at *1, *5 (S.D.W. Va. Mar. 21, 2014) (adopting Magistrate Judge's Proposed Findings and Recommendation).

Here, as Trinity argued in its memorandum in support of its Motion to Dismiss, both Plaintiff Holbrook and Defendant West Virginia Regional Jail & Correctional Facility Authority are domiciled in West Virginia. At the time of the alleged incident and at the time Holbrook filed his complaint, he was incarcerated at Western Regional Jail in Barboursville, West Virginia. Holbrook confirmed this location in his objection to Trinity's Motion to Dismiss. He has since transferred facilities and is currently held in South Central Regional Jail in Charleston, West Virginia. As Trinity noted, the Jail

Authority is a West Virginia state agency, with its administrative offices located in Charleston, West Virginia. Therefore, complete diversity of citizenship is lacking because the Plaintiff is not diverse from one of the Defendants.[4] Therefore, the undersigned **FINDS** that the Court lacks diversity subject matter jurisdiction. Although this Court does not have jurisdiction to hear Holbrook's claims, he may be able to maintain a negligence action against Trinity in state court. Furthermore, it is unlikely that the statute of limitations has expired on such a claim. For those reasons, the undersigned **RECOMMENDS** that the complaint against Trinity be **DISMISSED**; however, contrary to Trinity's request in its memorandum, the dismissal should be **without prejudice**.

### C. The Jail Authority's Eleventh Amendment Sovereign Immunity

Holbrook named the Jail Authority as a defendant in his complaint. As explained above, the Jail Authority has moved to dismiss the complaint and claims a number of

---

[4] Because this case does not satisfy the requirements of complete diversity, it is unnecessary to determine whether the case satisfies the amount in controversy jurisdictional requirement—an issue the parties have not fully briefed. However, it is unlikely that Holbrook's complaint satisfies the amount in controversy requirement laid out in 28 U.S.C. § 1332(a). As a general rule, courts must defer to the jurisdictional amount stated by a plaintiff in the complaint. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938); *McDonald v. Patton*, 240 F.2d 424, 425 (4th Cir. 1957); *Moore v. Cabot Oil & Gas Corp.*, No. CIV A 2:06-0538, 2007 WL 1302546, at *4 (S.D.W. Va. May 2, 2007). "But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, . . . the suit will be dismissed." *Red Cab Co.*, 303 U.S. at 289. The existence of valid defenses to plaintiff's claim does not strip jurisdiction, nor does plaintiff's failure to in fact recover the jurisdictional amount. *Id.* at 289–90. Indeed, Holbrook's claim of $750,000 far exceeds the statutory requirement that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). However, the facts pled in Holbrook's complaint appear to a legal certainty *not* to justify damages satisfying the jurisdictional amount. Holbrook's complaint does not explain how his pain and suffering or future medical care could approach the jurisdictional amount and he does not claim that he is currently suffering problems relating to his pulled tooth. At the November 28, 2016 status conference, Holbrook explained that his symptoms and aftercare lasted only about a week after the tooth was pulled and he has not experienced further symptoms or problems since then. With regard to his claim for punitive damages, Holbrook has not alleged any facts suggesting the sort of intentional or grossly negligent conduct that would support an award of punitive damages. *See Smith v. Perry*, 359 S.E.2d 624, 625 (W. Va. 1987) (quoting *Wells v. Smith*, 297 S.E.2d 872, 877 (W. Va. 1982), *overruled on other grounds*) ("In actions of tort, where gross fraud, malice, oppression, or wanton, willful, or reckless conduct or criminal indifference to civil obligations affecting the rights of others appear, or where legislative enactment authorizes it, the jury may assess exemplary, punitive or vindictive damages . . . ."); *Addair v. Huffman*, 195 S.E.2d 739, 743 (W. Va. 1973) (punitive damages for intentional wrong, malice, willfulness, or wanton disregard rights).

13

defenses, including Eleventh Amendment immunity. Holbrook has not responded to the Jail Authority's Motion to Dismiss despite a deadline of December 2, 2016 for filing a response.

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Although the Eleventh Amendment refers only to suits by citizens of other states, the United States Supreme Court has construed the Amendment to "establish that 'an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state.'" *Port. Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (2009) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 (1984)). The immunity created by the Amendment protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." *Taylor v. Ozmint*, No. 0:10–50–HMH–PJG, 2011 WL 286133, at *2 (D.S.C. Jan. 7, 2011) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)); *see also Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1977) ("It has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities.").

As a threshold issue, the undersigned must determine whether the Jail Authority is an arm of the State protected by Eleventh Amendment immunity. *See Suarez Corp. Indus. v. McGraw*, 125 F.3d 222, 227 (4th Cir. 1997) ("[B]ecause of its jurisdictional nature, a court ought to consider the issue of Eleventh Amendment immunity at any time,

14

even *sua sponte*."). In a number of past decisions, this Court considered that question with regard to the Jail Authority—or the Western Regional Jail (WRJ), "which is just a building owned and operated by the [Jail Authority] and is not a separate entity"—and has answered in the affirmative. *Kinder v. PrimeCare Med., Inc.*, No. 3:13-31596, 2015 WL 1276748, at *2 & n.1 (S.D.W. Va. Mar. 19, 2015) (dismissing the Jail Authority from § 1983 suit on Eleventh Amendment grounds and finding it unnecessary to separately dismiss the WRJ because it is not a separate entity); *Skaggs v. W. Reg'l Jail*, No. 3:13-3293, 2014 WL 66645, at *1, *4 (S.D.W. Va. Jan. 8, 2014) (dismissing the WRJ from § 1983 suit and adopting finding that the WRJ is arm of the State for Eleventh Amendment purposes); *Lewis v. W. Reg'l Jail*, No. 3:11-cv-01016, 2012 WL 3670393, at *5 (S.D.W. Va. July 24, 2012) (recognizing that "the WRJ is not a person subject to suit under § 1983"), *report and recommendation adopted by* 2012 WL 3726874 (S.D.W. Va. Aug. 27, 2012);[5] *see also Dement v. Summers Cty. Courthouse*, No. 5:13-cv-08899, 2015 WL 461560, at *3 (S.D.W. Va. Feb. 3, 2015) (finding that Southern Regional Jail was not subject to § 1983 suit). Thus, the Jail Authority is protected by sovereign immunity unless an exception to the Eleventh Amendment applies.

Three narrow exceptions to Eleventh Amendment immunity exist. *Lee-Thomas v. Prince George's Cty. Pub. Sch.*, 666 F.3d 244, 248–49 (4th Cir. 2012). First, the State may waive its right to immunity and consent to suit. *Lapides v. Bd. of Regents Univ. Sys. of*

---

[5] In *Harter v. Vernon*, 101 F.3d 334, 338 n.1 (4th Cir. 1996), the Fourth Circuit discussed the interplay between personhood under § 1983 and the Eleventh Amendment:

> If an official or entity is not immune from suit under the Eleventh Amendment that official or entity *is* a "person" subject to suit under § 1983. ... The opposite is also true, if the Eleventh Amendment applies, the entity or official is not a person under § 1983. ... Therefore, federal courts should approach these issues solely under the rubric of the Eleventh Amendment, and should not consider an argument of "personhood" under § 1983.

15

*Ga.*, 535 U.S. 613, 618 (2002). Such a waiver must be express, or in other words, the waiver must be an "'unequivocal' statement of the state's intention to subject itself to suit in *federal* court." *See Regueno*, 2013 WL 1837881, at *3 (quoting *Westinghouse Elec. Corp. v. W. Va. Dep't of Highways*, 845 F.2d 468, 471 (4th Cir. 1988)). Historically, the State of West Virginia has not waived its sovereign immunity in similar suits. *See Kinder*, 2015 WL 1276748, at *7; *Skaggs*, 2014 WL 66645, at *5; *Chafin v. W. Reg'l Jail*, No. 3:13-cv-01706, 2013 WL 3716673, at *4 (S.D.W. Va. July 12, 2013); *Thompson v. W. Va. Reg'l Jail/Corr. Auth.*, No. 3:13-1897, 2013 WL 3282931, at *4 (S.D.W. Va. June 27, 2013); *Meadows v. Huttonsville Corr. Ctr.*, 793 F. Supp. 684, 686 (N.D.W. Va. 1992). Further, in this case, as clarified during the November 28, 2016 status conference, the Jail Authority asserted the defense of immunity in its Motion to Dismiss (ECF No. 25) and supporting memorandum (ECF No. 26). Consequently, the waiver exception does not apply to this suit.

As to the second exception, "Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and 'act[s] pursuant to a valid grant of constitutional authority.'" *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) (alteration in original) (quoting *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000)). In *Will*, the Supreme Court concluded that Congress did not have the States in mind as potential defendants when it imposed liability on "persons" under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65 (1989). Noting that ordinary rules of statutory construction required Congress to make any alteration of the "usual constitutional balance between the States and the Federal Government . . . unmistakably clear in the language of the statute," the Supreme Court observed that had Congress intended to include States as "persons" for the purposes of § 1983, it would have explicitly

16

done so. *Id.* (quoting *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 242 (1985)). Two years later, the Supreme Court reaffirmed its holding in *Will* and explained that "interpreting the words '[e]very person' to exclude the States accorded with the most natural reading of the law, with its legislative history, and with the rule that Congress must clearly state its intention to alter 'the federal balance' when it seeks to do so." *Hafer v. Melo*, 502 U.S. 21, 26 (1991) (alteration in original) (quoting *Will*, 491 U.S. at 65). Thus, the law is well-settled that Congress has not abrogated Eleventh Amendment sovereign immunity in the context of a § 1983 action. *See Quern v. Jordan*, 440 U.S. 332, 340 (1979).

As to the third exception, "the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437, 124 (2004) (citing *Ex Parte Young*, 209 U.S. 123 (1908)); *see also Freeland v. Ballard*, 6 F. Supp. 3d 683, 694 (S.D.W. Va. 2014) ("Pursuant to the Eleventh Amendment, a federal court may enjoin state officials to conform their future conduct to federal law, which is distinguishable from a retroactive monetary award paid from State funds."). "The *Ex parte Young* exception is directed at 'officers of the state [who] are clothed with some duty in regard to the enforcement of the laws of the state, *and* who threaten and are about to commence proceedings'" to enforce an unconstitutional act against affected parties. *McBurney v. Cuccinelli, II*, 616 F.3d 393, 399 (4th Cir. 2010) (alteration in original) (citing *Ex Parte Young*, 209 U.S. at 155–56). The state officer being sued must have "proximity to and responsibility for the challenged state action" before the exception can be invoked. *Id.* (quoting *S.C. Wildlife Fed'n v. Limehouse*, 549 F.3d 324, 333 (4th Cir. 2008)). Moreover, the exception "applies only to prospective relief, does not permit judgments against state officers declaring that they

17

violated federal law in the past, and has no application in suits against the States and their agencies, which are barred regardless of the relief sought." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (citations omitted). Because the Jail Authority is not a state officer, but rather a state entity or agency, the third exception to Eleventh Amendment immunity is inapplicable. *Lee-Thomas*, 666 F.3d at 249 (recognizing that lawsuit must name state official as defendant, not state agency); *Chafin*, 2013 WL 3716673, at *5 (recognizing same); *see also Thomas v. Nakatani*, 309 F.3d 1203, 1208 (9th Cir. 2002) ("*Ex Parte Young* doctrine creates a fiction by allowing a person to enjoin future state action by suing a state official for prospective injunctive relief rather than the state itself. Even so, the Supreme Court has emphasized the importance of respecting this fiction"). Therefore, the undersigned **FINDS** that Holbrook cannot maintain his action against the Jail Authority due to Eleventh Amendment sovereign immunity and **RECOMMENDS** that the Court **DISMISS** the Jail Authority **with prejudice**.

## IV. <u>Proposal and Recommendations</u>

Based on the foregoing findings, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the presiding District Judge **GRANT** Trinity's Motion to Dismiss (ECF No. 11); **DISMISS** the complaint against Trinity, **without prejudice; GRANT** the Jail Authority's Motion to Dismiss (ECF No. 25); **DISMISS** the complaint against the Jail Authority, **with prejudice**, and **REMOVE** this matter from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code,

Section 636(b)(1)(B), and Rules 6(d) and 72(b) of the Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers, and Magistrate Judge Eifert.

The Clerk is **DIRECTED** to file this "Proposed Findings and Recommendations" and to mail a copy of the same to Plaintiff and Defendants.

**FILED:** December 6, 2016

_____
Cheryl A. Eifert
United States Magistrate Judge